UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:26-cv-20972-GAYLES

SAMUEL ELISEO DIAZ-MURICA,

     Petitioner,

v.

KELEI WALKER, et al.,

     Respondents.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner Samuel Eliseo Diaz-Murica's Petition for Writ of Habeas Corpus (the "Petition") against Respondents Kelei Walker, in her official capacity as Field Office Director of U.S. Immigration and Customs Enforcement Miami Field Office; Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS");[1] and Pamela Bondi, Attorney General of the United States (together, "Respondents"). [ECF No. 1]. Petitioner challenges his detention at the Broward Transitional Center in Pompano Beach, Florida ("BTC") without being afforded an individualized bond determination. *See generally id*. Respondents filed a Response in Opposition to the Petition, [ECF No. 5], and Petitioner filed a Reply, [ECF No. 6]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is **GRANTED IN PART**.

---

[1] Markwayne Mullin is now Secretary of the Department.

I.      BACKGROUND

A.      **Petitioner's Immigration History in the United States**

Petitioner is an El Salvadorian national. [ECF No. 1]. On July 7, 2021, when he was fifteen years old, Petitioner entered the United States without inspection and without a parent or legal guardian. *Id*. Upon entry, DHS determined Petitioner was an unaccompanied minor and placed him in the custody of the Office of Refugee Resettlement ("ORR"). [ECF No. 1-3]. On July 22, 2021, ORR released Petitioner into the care of his aunt in Florida. *Id.*

On July 6, 2022, while he still had unaccompanied minor status, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal (the "Asylum Application") with U.S. Citizenship and Immigration Services ("USCIS") [ECF No. 1-4].[2]

On October 25, 2025, Florida Highway Patrol officers, accompanied by U.S. Border Patrol agents ("Border Patrol"), encountered Petitioner during a traffic stop. After determining that Petitioner unlawfully entered the United States, Border Patrol took Plaintiff into custody.[3]

Petitioner is currently in removal proceedings. On January 12, 2026, an Immigration Judge at Miami Krome Immigration Court denied Petitioner's motion for bond, finding that he had no jurisdiction over Petitioner's request. [ECF No. 1-7].

On January 25, 2026, the Immigration Judge granted DHS's motion to pretermit Petitioner's Asylum Application, holding that Petitioner is barred from applying for asylum under the Ecuador Asylum Cooperative Agreement (the "Pretermit Order").[4] [ECF No. 1-8]. The

---

[2] USCIS acknowledged receipt of the Asylum Application on December 16, 2022. [ECF No. 1-4].

[3] The record is unclear on which detention facility Petitioner was first detained.  There is no dispute that he is currently detained at BTC.

[4] The Court notes that the Pretermit Order describes Petitioner as a native and citizen of Cuba who entered the United States near Eagle Pass, Texas, on November 9, 2022. These "facts" are belied by the record in this case. *See* [ECF No. 5-2]

Immigration Judge also scheduled the matter for a hearing on February 10, 2026, to consider voluntary departure. *Id.* Petitioner has moved to vacate the Pretermit Order.

To date, Petitioner remains in ICE custody at BTC. [ECF No. 1]. Petitioner has no criminal history involving violence, controlled substances, or conduct posing a danger to the community.[5] [ECF No. 5-2].

### B.      Petitioner's Habeas Petition

On February 13, 2026, Petitioner filed the Petition alleging three counts against Respondents: Violation of the Due Process Clause of the Fifth Amendment, Substantive Due Process (Count I); Violation of the Due Process Clause of the Fifth Amendment, Procedural Due Process (Count II); and Violation of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), No Authority to Detain (Count III). *Id*. In Count II, Petitioner asks this Court to order that he be provided an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* On March 4, 2026, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled to an individualized bond hearing because Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2), not § 1226(a). [ECF No. 5].

## II.      LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject

---

[5] Petitioner was charged in May 2025 with driving without a valid license. The charge was nolle prossed and resulted in no conviction. [ECF No. 1-5]

to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

### III.   ANALYSIS

#### A.  Detention

The core disagreement remaining between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at *2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered

4

an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino v. Ripa, 2025 WL 2941609, at* \*3 (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Matter of Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[6] *Merino,* 2025 WL 2941609, at \*3 (citing cases); *see also Puga*, 2025 WL 2938369, at \*2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at \*3; *Ardon-Quiroz,* 2025 WL 3451645, at \*7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2004, is governed by § 1226(a) and not § 1252(b)(2).

---

[6] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Id.* at 509 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 WL 621380, at \*2 n.1 (M.D. Fla. Mar. 5, 2026).

Petitioner is therefore entitled to a bond hearing under § 1226(a), and Count II is granted in part. The Court declines to reach the merits of Petitioner's other claims in Counts I and III as the Court is granting in part the relief requested for Count II. *See, e.g.*, *Nguyen*, 2025 WL 3451649, at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369, at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may renew his other claims. Since Counts I and III are "unripe claim[s] contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the Court must dismiss [them] without prejudice[.]'" *Nguyen*, 2025 WL 3451649, at *4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020)).

### B. Exhaustion of Administrative Remedies

Respondents also argue that the Court should dismiss the Petition because Petitioner has failed to exhaust administrative remedies. [ECF No. 8]. Not so. "[E]xhaustion is not required where . . . an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Importantly, the exhaustion requirement under 8 U.S.C. § 1252(d)(1) is prudential, "not jurisdictional." *Kemokai v. U.S. Att'y Gen.,* 83 F.4th 886, 891 (11th Cir. 2023). Here, since any "subsequent bond appeal to the BIA is nearly a foregone conclusion under *Yajure Hurtado*, any prudential exhaustion requirements are excused for futility." *Puga*, 2025 WL 2938369, at *2; *see also Ardon-Quiroz v. Assistant Field Dir.,* No. 25-CV-25290-JB, 2025 WL 3451645, at *5 (S.D. Fla. Dec. 1, 2025).

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)     Petitioner Samuel Eliseo Diaz-Murica's Petition for Writ of Habeas Corpus [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2)     Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **April 13, 2026**, or otherwise release Petitioner.

(3)     Counts I and III of the Petition are **DISMISSED WITHOUT PREJUDICE**.

(4)     This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of March, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE